# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CATHERINE HILL,**

        *Plaintiff,*

-v-

                               **CIVIL ACTION NO.**

**DFS SERVICES, LLC,**

        **Defendant.**

_____/

## NOTICE OF REMOVAL

**COMES NOW** defendant, Discover Bank, incorrectly named as DFS Services, LLC, ("Discover"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  In support of this notice of removal, Discover states as follows:

### I. INTRODUCTION

1. Plaintiff Catherine Hill ("Plaintiff") commenced this action by filing a complaint against Discover in the Circuit Court of Hillsborough County, Florida, Case Number 15-CA-004048 on or about May 4, 2015.

2.      The Complaint purports to assert two claims: (1) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*,; and (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  [*See generally* Complaint.]

3.      Based on these allegations, Plaintiff purports to assert a federal claim against Discover under the Telephone Consumer Protection Act ("TCPA").  [*Id.*]

4.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5.      Discover was served with a copy of the Summons and Complaint on May 7, 2015. As such, this removal is timely because it was filed within 30 days of the date Discover received a copy of the Complaint through service or otherwise. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

## II.     FEDERAL QUESTION JURISDICTION

6.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 753 (2012) (claims under TCPA arise under federal law and therefore give rise to federal question jurisdiction under 28 U.S.C. § 1331).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Discover based upon an alleged violation of the TCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 47 U.S.C. § 227 *et seq.*]

8. Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.     SUPPLEMENTAL JURISDICTION

9. Because this Court has federal question jurisdiction over Plaintiff's TCPA claim, it also has supplemental jurisdiction over her state law claim alleging violations of the FCCPA. This is due to the fact that the FCCPA claim arises out of the same case and controversy that gives rise to the TCPA claim.

10. Specifically, the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

28 U.S.C. § 1367(a); *see also Leblanc v. Advance Credit Corp.*, 8:06-CV-747-T27EAJ, 2007 WL 141173, at *3-4 (M.D. Fla. Jan. 16, 2007) ("Claims arising from a 'common nucleus of operative fact' necessarily involve 'the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts.'") (quoting *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1563-64 (11th Cir. 1994)).

11. In the instant case, Plaintiff alleges Discover made improper phone calls to her in order to collect a debt, which forms the "common nucleus" of both her TCPA and FCCPA claims against Discover. (*See* Compl. ¶¶ 10-19).

12. Because Plaintiff's state law claim is based on the same basic facts (improper phone calls made by Discover to Plaintiff) and involve the same witnesses and parties, it is clear that it is "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy, and therefore, the state law claim falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) *See generally Brook v. Suncoast Sch., FCU*, 8:12-CV-01428-T-33, 2012 WL 6059199, at *5 (M.D. Fla. Dec. 6, 2012) (acknowledging that the court had supplemental jurisdiction over the state FCCPA claim where federal jurisdiction was based on 18 U.S.C. § 1331 due to a TCPA claim).

13. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Jones v. Garcia*, 936 F. Supp. 929, 930-31 (M.D. Fla. 1996) (holding "that judicial economy is not served by bifurcating this case, involving the resources of two judicial officers" where the case involved violations of the federal Emergency Medical Treatment and Active Labor Act (EMTALA) and state medical negligence claims).

14. In the instant case, Plaintiff's state law claim does not raise novel or complex issues of state law, does not predominate over Plaintiff's demand for relief under the TCPA, and arises from the same transactions or occurrences as Plaintiff's federal question claim. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

### IV.   ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2)

improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.   PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

18. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

19. Discover has heretofore sought no similar relief.

20. The United States District Court for the Middle District of Florida, Tampa Division is the court and division embracing the place where this action is pending in state court.

21. Contemporaneously with the filing of this notice of removal, Discover has filed a copy of same with the clerk of the Circuit Court of Hillsborough County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

22. Discover reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Discover prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from

the Circuit Court of Hillsborough County, Florida, to the United States District Court for the Middle of Florida.

                Respectfully submitted,

                */s/ Jacqueline Simms-Petredis*
                David Elliott (FL Bar No. 94237)
                Jacqueline Simms-Petredis  (Fla. Bar No. 906751)
                BURR & FORMAN LLP
                201 North Franklin Street, Suite 3200
                Tampa, FL 33602
                Telephone:  (813) 221-2626
                Fax: (813) 357-3534
                delliott@burr.com
                jsimms-petredis@burr.com

                *Attorneys for Discover*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses via email on this the 26th day of May, 2015:

            Jon Dubbeld, Esq., Disparti Law Group
            2154 Duck Slough Boulevard, Suite 101
            Trinity, FL 34655
            jdubbeld@dispartilaw.com

                */s/ Jacqueline Simms-Petredis*
                Jacqueline Simms-Petredis, Esq.