IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CATHERINE HILL,

    Plaintiff,                                      CASE NO.

vs.                                               JURY TRIAL DEMANDED

DFS SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CATHERINE HILL ("Plaintiff"), files this lawsuit against Defendant, DFS SERVICES, LLC ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*, and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

2. This is an action for damages exceeding $15,000, exclusive of attorneys' fees and costs.

3. For the FCCPA claim, jurisdiction and venue are conferred by Fla. Stat. § 559.77.

4. For the TCPA claim, jurisdiction and venue are proper in this Court as well. *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5. At all times material, Plaintiff was a resident of Hillsborough County, Florida.

6. At all times material, the conduct of Defendant complained of below occurred in Hillsborough County, Florida.

7. At all times material, Defendant engaged in its usual and customary business within Hillsborough County, Florida.

-1-

8. Plaintiff is the "called party" and is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

9. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

## STATEMENT OF FACTUAL ALLEGATIONS

10. In or about December, 2014, Plaintiff defaulted on a credit card with Defendant (hereinafter "Subject Debt").

11. The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

12. Shortly thereafter, Plaintiff suffered an injury that caused her financial trouble, leaving her unable to make payments to Defendant.

13. In or around the middle of March, 2015, Defendant spoke with Plaintiff on her cellular phone, i.e., (XXX-XXX-2129), in an attempt to collect the Subject Debt.

14. During this conversation, Plaintiff explained that she was currently in the hospital and just got out of brain surgery. Plaintiff informed Defendant that she knew she owed the Subject Debt, but due to her more serious medical situation, she could not pay Defendant. Plaintiff requested Defendant to stop calling her because she could not handle additional distress from the constant calling. Defendant's representative responded, "If you pay $28.00 today, I will not send you to collections. If you don't pay, I will send to collections immediately, write off the debt, and you will never get another Discover credit card or any other credit."

15. Disregarding Plaintiff's numerous requests to stop calling, Defendant continued a campaign of calling Plaintiff's cellular phone. Defendant's calls were made frequently and often multiple times per day. Plaintiff made clear to Defendant that she did not consent for Defendant to continue calling her cellular phone.

16. In particular, in a four-day period from April 27, 2015, to April 30, 2015, Defendant called Plaintiff on her cellular phone at least eighteen (18) times in an attempt to collect the Subject Debt.

17. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

18. Further, Defendant routinely used an automatic telephone dialing system to call Plaintiff on her cellular phone and/or leave prerecorded messages on Plaintiff's cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling her cellular phone.

19. The Defendant made approximately fifty (50) calls to Plaintiff's cellular phone, or as will be established after a thorough review of Defendant's records.

20. The Defendant's willful conduct has caused Plaintiff distress and anxiety. Further, Defendant's willful conduct has impeded Plaintiff's physical therapy and rehabilitation progress, and has caused Plaintiff severe headaches.

21. Defendant's willful conduct is ongoing.

**COUNT I**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT,**

### FLA. STAT. § 559.55 *et seq.*

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

23. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla. Stat. 559.72(9): ...[A]ssert the existence of some other legal right when such person knows that the right does not exist.

24. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each violation of the FCCPA, plus actual damages and her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, U.S.C. § 227 *et seq.*

25. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

26. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone

using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

28. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

29. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

30. Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Date: May 4, 2015**

/s/ *Jon Dubbeld*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Jon Dubbeld, Esq.
Fla. Bar No. 105869
Disparti Law Group, P.A.
2154 Duck Slough Blvd. Suite 101

Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiff*